**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

**ROBERT HURRIGAN, on his**
**own behalf and on behalf of**
**others similarly situated,**

                              **CASE NO.:**

      **Plaintiff(s),**

**v.**

**TOP TURF, INC., a Domestic**
**Profit Corporation, and DANA**
**SCOTT BRYAN, individually,**

      **Defendants.**
_____/

**NATIONWIDE COLLECTION ACTION AND GEORGIA CLASS**
**ACTION COMPLAINT & DEMAND FOR JURY TRIAL**

Plaintiff, ROBERT HURRIGAN (hereinafter refered as "Plaintiff"), on

behalf of himself and other non-exempt service technicians, by and through

undersigned counsel, files this Complaint against Defendants, TOP TURF,

INC. ("TT"), and DANA SCOTT BRYAN, individually ("DSB")

(collectively "Defendants"), and states as follows:

**NATURE OF THE ACTION**

1. Plaintiff alleges on behalf of himself and other similarly situated current

and former non-exempt "service technicians" of the Defendants, who elect to

opt into this action, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are: (i) entitled to unpaid overtime wages from Defendant, (ii) entitled to unpaid minimum wages (iii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 et seq; (iv) entitled to damages under the common law doctrine of unjust enrichment; and (v) declaratory relief pursuant to 28 U.S.C. §2201.

2. Specifically, Plaintiff complains that he, as well as other similarly situated "service technicians" were regularly required to work over 40 hours per workweek and were not paid the statutorily required minimum wage and/or overtime premiums for all hours worked.

## **JURISDICTION**

3. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

4. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

5. This Court has the authority to grant declaratory relief pursuant to the

FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

6.  This Court has jurisdiction over the unjust enrichment claim pursuant to 28 U.S.C. §1367.

7.  Venue is proper in this Court because the Plaintiff resides within the District and Defendants maintain business operations within the District.

## PARTIES

8.  At all times material hereto, Plaintiff, ROBERT HURRIGAN, was a resident of Gwinnett County, Georgia.

9.  Further at all times material hereto, Plaintiff, ROBERT HURRIGAN, was a non-exempt "service technician" and performed related duties for Defendants in Gwinnett County, Georgia, among other counties.

10. At all times material hereto Defendant, TT, was, and continues to be a Domestic Profit Company.

11. At all times material hereto, Defendant, TT, was, and continues to be, engaged in business in Georgia, with a place of business in Gwinnett County, Georgia.

12. Defendants operate in at least four (4) different states and have so simultaneously at all times hereto.

## COVERAGE

13. At all times material hereto, Plaintiff was Defendants' "employee" within the meaning of the FLSA.

14. At all times material hereto, Defendants were the Plaintiff's "employer" within the meaning of the FLSA.

15. Defendants were, and continue to be, an "employers" within the meaning of the FLSA.

16. At all times material hereto, Defendants were, and continue to be, "an enterprise engaged in commerce" within the meaning of the FLSA.

17. Specifically, at all material times hereto, Defendants operated multiple branches, throughout the United States simultaneously.

18. At all times material hereto, Defendants were, and continue to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

19. At all times material hereto, the annual gross revenue of Defendants was in excess of $500,000.00 per annum.

20. At all times material hereto, Defendants had two (2) or more employees handling, or otherwise working on goods or materials such as fertilizer, and pesticides, that had been moved in or produced for commerce.

21. At all times hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

22. At all times hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

## STATEMENT OF FACTS

23. Defendants operate TT locations throughout the United States, specifically in Georgia, North Carolina, South Carolina and Texas.

24. Defendant, TT provides lawn care, tree and shrub maintenance and pest control services to its residential and commercial clients.

25. Plaintiff was employed by Defendants as a non-exempt hourly-paid "service technician", servicing Defendant's clients.

26. Plaintiff worked in this capacity from approximately April 2009 through May 2011.

27. As a non-exempt "service technician," Plaintiff was paid "day rates" in exchange for work performed for Defendants.

28. However, Defendants' so called "day rates" failed to comply with the FLSA, because Defendants only paid Plaintiff his "day rate" if he worked more than four (4) hours in a work day.

29. On occasions where Plaintiff worked fewer than four (4) hours,

Defendants paid Plaintiff nothing for work performed.

30. Defendants employed hundreds, if not thousands, of employees who were paid under this illegal "day rate" methodology as well.

31. Plaintiff and those similarly situated to him, routinely worked in excess of forty (40) hours per week as part of their regular job duties.

32. Despite working more than forty (40) hours per week, Defendants' failed to pay Plaintiff, and those similarly situated to him, overtime compensation at a rate of time and a half their regular rate of pay for hours worked over forty in a workweek.

33. Similarly, Defendants' failed to pay Plaintiff, and those similarly situated to him, at least the minimum wage for all hours of work.

34. Defendants' failure to pay Plaintiff, and those similarly situated to him, minimum wage and/or overtime premiums, resulted from a nationwide pay policy, whereby all of Defendants' branches require employees to work forty (40) hours per week as part of their regular job duties.

35. Defendants were/are aware of the unpaid overtime hours performed by Plaintiff and the class members.

36. In addition to Plaintiff, Defendants have employed, and continue to

employ, hundreds, if not thousands, of other individuals as "service technicians" who performed and continue to perform the same or similar job duties under the same pay provision as Plaintiff and the class members nationwide.

37. Defendants were unjustly enriched by accepting the benefit and value of the work performed by its "service technicians," but not compensating Plaintiff, and those similarly situated to him, for such hours of work.

38. Defendants have violated Title 29 U.S.C. §§206-207 from at least 2007 and continuing to date, in that: Plaintiff worked in excess of forty (40) hours per week for his periods of employment with Defendants;

    a.    No payments, or insufficient payments and/or provisions for payment, have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA; and

    b.    No payments, or insufficient payments and/or provisions for payment, have been made by Defendants to properly compensate Plaintiff at a rate equal to the applicable Federal minimum wage, for all hours worked, as required by the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

39. Plaintiff and the class members were all salary paid "service technicians" and performed the same or similar job duties as one another such as spraying pesticides to kill weeds, fertilizing and customer service on behalf of Defendants to their customers.

40. Further, Plaintiff and the class members were subjected to the same pay provisions in that they were all salary paid, but were not compensated at time-and-one-half for all hours worked in excess of 40 hours in a workweek and/or were not paid anything whatsoever, for at least some hours of work each week.

41. Similarly, Plaintiff and the class members were not compensated at a rate of at least minimum wage for at least some hours of work.

42. Thus, the class members are owed minimum and overtime wages for the same reasons as Plaintiff.

43. Defendants' failure to compensate employees for some hours worked in a workweek as required by the FLSA results from a policy or practice of failure to assure that "service technicians" are/were paid for all hours worked.

44. This policy or practice was applicable to Plaintiff and the class members.   Application of this policy or practice does/did not depend on the

personal circumstances of Plaintiff or those joining this lawsuit.  Rather, the

same policy or practice which resulted in the non-payment of minimum wages

and/or overtime to Plaintiff applied and continue to apply to all class members.

Accordingly, the class members are properly defined as:

> **All "service technicians" who worked for Defendants within the last three years who were not compensated at least minimum wage for all hours worked and/or at least at time-and-one-half for all hours worked in excess of 40 hours in one or more workweeks.**

45. Defendants knowingly, willfully, or with reckless disregard carried out

its illegal pattern or practice of failing to pay overtime compensation with

respect to Plaintiff and the class members.

46. Defendants did not act in good faith or reliance upon any of the

following in formulating its pay practices:

(a)    case law;

(b)    the FLSA, 29 U.S.C. § 201, *et seq.*; or

(c)    Department of Labor Wage & Hour Opinion Letters or (d) the

Code of Federal Regulations.

47. During the relevant period, Defendants violated § 7(a)(1) and §

15(a)(2), by employing employees in an enterprise engaged in commerce or in

the production of goods for commerce within the meaning of the FLSA as

aforesaid, for one or more workweeks without compensating such employees for their work at a rate at least equal to minimum wage and/or at least the time-and-one-half for all hours worked in excess of 40 hours in a work week.

48. Defendants have acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

49. Defendants have failed to maintain accurate records of Plaintiff and the class members' work hours in accordance with the law.

## CLASS ALLEGATIONS

50. Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

51. Plaintiff brings his unjust enrichment claim on behalf of all employees who were employed by Defendants, at any time since June 2008 to the entry of judgment in this case (the "Class Period"), who were "non-exempt day rate paid service technicians" who have not been paid for all hours actually worked.

52. To the extent such hours worked but not paid constitute so-called "gap-time" this count is brought to seek recovery of all such gap time hours. Thus it is neither duplicative of nor reliant upon the FLSA.

53. The persons in the Class identified above are so numerous that joinder

of all members is impracticable.  Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are hundreds of members of the Class during the Class Period.

54. The claims of Plaintiff are typical of the claims of the Class, and a class action is superior to other available methods of fair and efficient adjudication of the controversy - - particularly in the context of wage and hour litigation where an individual plaintiff lacks the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

55. The Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

56. Application of this policy or practice does/did not depend on the personal circumstances of Plaintiffs or those joining this lawsuit.  Rather, the same policy or practice which resulted in the non-payment of overtime to Plaintiffs applied, and continues to apply, to all class members.  Accordingly, the class members are properly defined as:

> **All "service technicians" employed by Defendants in Georgia when Defendants failed to pay for at least some hours worked when they worked fewer than 4 hours on a workday.**

57. Plaintiff is committed to pursuing this action and has retained competent counsel experienced in employment law and class action litigation.

58. Plaintiff has the same interests in this matter as all other members of the class and Plaintiff's claims are typical of the Class.

59. There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

a.    Whether the Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and members of the Class;

b.    What proof of hours worked is sufficient where employers fail in their duty to maintain time records;

c.    Whether Defendants failed and/or refused to pay the members of the Class for all hours worked as alleged;

d.    Whether the Defendants are liable for all damages claimed hereunder, including but not limited to, costs, disbursements and attorney's fees.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

60. Plaintiff re-alleges and re-avers paragraphs 1 through 59 of the Complaint as if fully set forth herein.

61. From at least 2009, and continuing through 2011, Plaintiff worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

62. Plaintiff was, and is entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

63. At all times material hereto, Defendants failed, and continue to fail, to maintain proper/accurate time records as mandated by the FLSA.

64. To date, Defendants continue to fail to pay their non-exempt service technician employees their FLSA mandated overtime pay, despite their recognition that their position is non-exempt and entitled to same.

65. Defendants' actions in this regard were/are willful and/or showed/show reckless disregard for the provisions of the FLSA as evidenced by their continued failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of

forty (40) hours per weeks when they knew, or should have known, such was, and is due.

66. Defendants have failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

67. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

68. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II
## RECOVERY OF MINIMUM WAGES

69. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 68 above.

70. Plaintiff was/is entitled to be paid minimum wage for each hour he worked during his employment with Defendants.

71. Plaintiff has demanded proper compensation for one or more weeks of work with Defendants, but Defendants have refused and/or failed to compensate him for the same.

72. As a result of Defendants' actions or inactions in this regard, Plaintiff

has not been paid the minimum wage for each hour worked during one or more weeks of his employment with Defendants.

73. Defendants willfully failed to pay Plaintiff minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206.

74. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

**COUNT III**
**UNJUST ENRICHMENT**

75. Plaintiff reasserts and reincorporates by reference all allegations contained within paragraphs 1 through 74 above.

76. This Court has supplemental jurisdiction over Plaintiff's unjust enrichment claim pursuant to 28 U.S.C. § 1367(a) because Plaintiff's unjust enrichment claim forms a part of the same case or controversy and arises out of the common nucleus of operative facts as his minimum wage and overtime claims.

77. Plaintiff and all others similarly situated to him worked for Defendants as referenced above.

78. Plaintiff and all others similarly situated laborers were not compensated for at least some of these hours.

79. Defendants knowingly accepted the service technicians' overtime work, but Defendants did not compensate Plaintiff for this work.

80. Defendants have been unjustly enriched as a result of their accepting the work of Plaintiff and other similarly situated employees without proper compensation. It would be unjust to allow Defendants to enjoy the fruits of the collective class' labor without proper compensation.

81. Plaintiff's unjust enrichment claim seeks unpaid straight time compensation for the service technicians' overtime work where Plaintiff made at least the minimum wage for all hours worked.

<u>**PRAYER FOR RELIEF**</u>

Wherefore, Plaintiff on behalf of himself and all other similarly situated Collective Action Members and members of the Class, respectfully requests that this Court grant the following relief:

a. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiff and their counsel to represent the Class;

b. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA

Opt-In Class, appraising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and his counsel to represent the Collective Action members;

c.  An award of unpaid minimum wages and overtime compensation due under the FLSA;

d.  Straight time compensation under state law unjust enrichment for time spent working off the clock for those workweeks where Plaintiff and the class members made at least the minimum wage for all hours worked;

e.  An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay minimum wages and overtime compensation pursuant to 29 U.S.C § 216;

f.  An award of prejudgment and post judgment interest;

g.  Declaratory relief pursuant to the DJA and FLSA finding that all hours worked by Plaintiff and the class members should be paid at an amount at least equal to the applicable minimum wage and that all hours worked over forty in a workweek should be paid time and

one-half of an employees' regular rate of pay;

h.     An award of costs and expenses of this action together with

reasonable attorneys' and expert fees; and

i.     Such other and further relief as this Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff

demands a trial by jury on all questions of fact raised by the Complaint.

Dated this 10th day of October, 2012.

Respectfully submitted by,

Robert DeMetz, Esquire
GABN 215070
Morgan & Morgan P.A.
191 Peachtree Street NE
Suite 4200
Atlanta, GA 30303
Telephone: (404) 965-8811
Facsimile:  (404) 965-8812
Email: RdeMetz@forthepeople.com

Attorneys for Plaintiff